IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BBC BAYMEADOWS, LLC                                                                      PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:14cv676-HTW-LRA

CITY OF RIDGELAND, MISSISSIPPI                                                        DEFENDANT

## ORDER

This cause is before the Court on the City of Ridgeland's Motion to Quash 30(b)(6) Deposition Notice of the City and/or for Protective Order [58]. The initial motion and response were filed prior to the hearing conducted on April 24, 2015. The case was consolidated for discovery purposes at that time with *Sunchase of Ridgeland, Ltd., et al, v. City of Ridgeland*, 3:14cv938. After the hearing, certain portions of the controversy regarding the Topics of Inquiry were resolved between the parties. The reply [62] filed by the City of Ridgeland sets forth the topics noticed by Plaintiff to which it still objects.

The Topics of Inquiry still contested by Ridgeland, and the ruling of the Court on each topic, are set forth below.

> **TOPIC 2.f.**  Ridgeland's process and timeline for evaluating, drafting and adopting the 2014 Zoning Ordinance and Zoning Map, including but not limited to:
> . . .
> f.   Any authorities the City relied on in evaluating and adopting the 2014 Zoning Ordinance and Zoning Map, including provisions that rezone the Baymeadows Apartments and other affected properties.

**RULING:**  The Court agrees with the City's contention that this topic would appear to seek information which is protected by the attorney-client privilege or the work product doctrine. Further, no waiver has been established. Plaintiff seeks "any authorities the City relied on...," and this would imply that it requests legal analysis and/or mental

reflections, opinions, conclusions, and legal theories regarding that legal analysis. These communications are protected from disclosure, and the motion is granted as to Topic 2.f. *See Buford v. Holladay,* 133 F.R.D. 487, 491 (S.D.Miss. 1990).

However, Plaintiff contends that it does not seek legal testimony, legal opinions, or privileged communications with counsel, but simply the "non-privileged basis or references that the City relied on in passing and drafting the ordinance." To the extent the information sought is clearly non-privileged, a witness should be prepared for the topic. Counsel should discuss what testimony may be sought that is clearly non-privileged prior to the deposition.

> **TOPIC 10.** Ridgeland's understanding of, and any research it has conducted about, its demographics, including but not limited to:
>
> a. Ridgeland's racial and socioeconomic composition.
>
> b. The impact of the 2014 Zoning Ordinance and Zoning Map, including the rezoning of affected multifamily residential properties on minority citizens,
>
> c. The availability of affordable housing in Ridgeland during the last fifteen years, and
>
> d. Any materials submitted to HUD or any other state or federal agency to procure state or federal funding based on its demographics or housing options.

Ridgeland did not object to 10(b) and agrees to provide testimony regarding the 2010 United States census data pursuant to 10(a). It objects to 10(c) and 10(d).

**RULING:** As to 10(b), Ridgeland agrees to provide a witness to testify regarding the 2010 United States census. However, the topic requests the City's "understanding of, and any research it has conducted about its demographics." The Court finds that a

witness should be prepared to give testimony in this regard as to (a)-(d).  If no demographics research has been done by the City, and the City's understanding of its demographics is based solely on the United States census data, the witness shall testify to that fact.  The objection to 10(b) is overruled.  Both 10(a) and 10(c) shall be limited to a period of 15 years.

As to 10(d), the objections regarding the time period are sustained, and the topic shall be limited to a period of 10 years prior to the 2014 Zoning Ordinance at issue.  The topic is additionally limited to pertain to materials submitted in connection with actual **applications**.

> **TOPIC 13.**  Ridgeland's history of interactions with the Baymeadows Apartments, including its history with Baymeadows' prior owner, Bruce Kirkland, and its interactions with BBC and other parties involved in running or maintaining the property.
>
> **TOPIC 16.**  Ridgeland's involvement in ensuring that multi-family housing complexes and units receive utilities, including but not limited to electricity.

Ridgeland offered to present a designee limited to a suitable time frame, such as within the last five years, who may discuss relevant types of "interactions" with Baymeadows regarding the 2014 Zoning Ordinance.  It objects to additional testimony as being overly broad and unduly burdensome.

**RULING:** The Court finds that Ridgeland's objections are meritorious only because the topic is unlimited by time.  Accordingly, these topics shall be revised to include a ten-year time period.

> **TOPIC 17.**  Ridgeland's decision to annex the area of the City where the Baymeadows property is situated, including but not limited to any analysis or studies performed prior to such annexation and any subsequent or follow-up studies performed on the area after the annexation.

The subject property was apparently annexed by Ridgeland 35 years ago, in 1981, and Ridgeland attests that it has no present City official with personal knowledge regarding the annexation. Ridgeland objects to the relevancy of the information and asserts that even if relevant, the burden and expense of production outweighs any probative value. Plaintiff argues that it is entitled to this "highly relevant testimony" and that it is entitled to "discover Ridgeland's municipal position" regarding the annexation of the Baymeadows area and follow-up studies regarding this property.

**RULING:** The Court finds Ridgeland's objections to be meritorious, and the motion shall be granted. The expense and burden of providing testimony regarding the 1981 annexation outweighs any probative value of this testimony. As the City notes, the official record of the 1981 annexation is maintained at the Department of Archives, consists of 13 volumes, and is equally available to Plaintiff. The relevance of these proceedings is tangential at best and not determinative of the issues involved in this lawsuit.

However, the City should be prepared to give testimony regarding "subsequent or follow-up studies" performed on the area after the annexation which were generated in the past 10 years. If there were no such studies performed, the City should so certify.

> **TOPIC 19.** Ridgeland's document preservation policies and document destruction policies and any litigation holds implemented that require preservation of e-mails, paper, and electronic documents relevant to BBC's discovery requests, including but not limited to any litigation holds implemented prior to enacting the 2014 Zoning Ordinance and Map and during Ridgeland's litigation with the prior owner of the Baymeadows Apartments.
>
> **TOPIC 20.** The City's discovery responses in this case and the City's efforts to gather, collect, review, and produce documents in response to BBC's discovery requests, including but not limited to the individuals from whom the City collected documents, the files, offices and departments from which

>documents were obtained, and any methodology used to search paper and electronic documents, including any electronic search terms used.

Ridgeland asserts that it does not object to the first portion of Topic 19; it objects to the second portion regarding "litigation holds" and Topic 20. According to Ridgeland, these topics request information that is either irrelevant or is protected by the attorney-client privilege and the work product doctrine.

**RULING:** The Court finds that these are reasonable topics of inquiry in this case, particularly since the City has had such a difficult time finding and producing the documents requested. Additionally, Plaintiff has charged that it was aware of responsive documents which were not produced by the City when it used particular search terms. It is reasonable that the City explain how the discovery responses were gathered. The City need not provide responses which would be protected by the attorney/client privilege or work product doctrine, such as explicit directions from attorneys regarding documents. If a "litigation hold" was a specific instruction given by attorneys for Ridgeland, it shall be stricken as a topic. However, the Court finds that the general methodology used to gather documents produced, the search terms used, the individuals from whom documents were requested and obtained, and similar topics, are not protected and are fair and reasonable and do not violate privileges. Accordingly, the motion is denied as to Topics 19 & 20, except to any information that would clearly be protected by the attorney-client privilege. The deponent shall not be required to provide legal opinions.

Finally, Ridgeland objects to having to give advance notice of the individual witnesses' identity. The Court is not aware of any such requirement and will not direct that it provide the witnesses' identities within a specific time before the depositions.

However, as a matter of courtesy, counsel should provide the names of the witnesses to counsel opposite when the final determinations are made.

IT IS THEREFORE ORDERED that the City of Ridgeland's Motion to Quash 30(b)(6) Deposition Notice of the City and/or for Protective Order [58] is **granted** in part and **denied** in part as set forth herein.

SO ORDERED, this the 15th day of May 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE