**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**BBC BAYMEADOWS, LLC**                                                             **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 3:14CV676-HTW-LRA**

**CITY OF RIDGELAND, MISSISSIPPI**

**CONSOLIDATED, FOR
DISCOVERY PURPOSES, WITH**

**SUNCHASE OF RIDGELAND, LTD;
EVEREST PINEBROOK, L.P; RAINBOW/
RIDGELAND, LLC; RR APARTMENTS,
LLC; JORDAN RIDGE, LLC and
OAKBROOK, LLC**                                     **PLAINTIFFS**

**VS.**                                      **CIVIL ACTION NO.: 3:14CV938-HTW-LRA**

**CITY OF RIDGELAND, MISSISSIPPI**                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a plethora of discovery-related Motions that argue whether or not certain privileges claimed by the Defendant, City of Ridgeland, apply to or protect certain documents from discovery or apply to or limit deposition testimony, as follows:

    1.    BBC Baymeadows, LLC's Second Motion to Compel [Doc. 87];

    2.    BBC Baymeadows, LLC's Urgent and Necessitous Third Motion to Compel [Doc. 118];

    3.    Motion of Non-Parties, Kevin Holder, Chuck Gautier, Wesley Hamlin, Scott Jones, D. I. Smith, Brian Ramsey, and Ken Heard to Quash Deposition Subpoena Duces Tecum and for Protective Order [Doc. 140];

  4.  Motion of Non-Party Mayor Gene McGee to Quash Deposition Subpoena Duces Tecum and for Protective Order [Doc. 142]; and

  5.  City of Ridgeland's Urgent or Necessitous Motion for Protective Order [Doc. 146].

By this Order, it is the Court's intention to rule on whether the specific documents withheld are protected by any of the various privileges asserted and also to set out the parameters of those privileges, so that the parties can take the appropriate action with regard to deposition testimony, as it is impossible at this juncture to foresee the specific questions that might be asked.  Because the relief sought by both parties will be incomplete, these Motions will be granted in part and denied in part and terminated.  To the extent future relief on these grounds is sought, new, particularized Motions should be advised.

  The Court has also reviewed Plaintiff's Fourth Motion to Compel [183], filed October 7, 2015, although the briefing is not completed.  The parties should confer and attempt to apply the principles of law and rulings set forth herein as to the issues referenced in that motion.  The motion may be withdrawn if an agreement can be reached, or, Defendant may file its written response.  Additional time will be granted for the briefing in an effort to facilitate this process.

  The claims for relief in these cases are alleged to arise under 42 U.S.C. §§ 1983 and 1988, the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq*., the Constitution of the United States, the Mississippi Constitution, and Mississippi common law.  The state law claims appear to primarily attack the procedure by which the City of Ridgeland accomplished the zoning changes at issue.  The federal law claims appear to primarily attack the zoning process itself and the City's motivation for the changes made.  The discovery dispute currently before the Court relates to the federal law claims, and federal common law regarding the privileges asserted applies.  Fed. R. Evid. 501.  As

a general rule, the party asserting the privilege has the burden of proving his entitlement to it. *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

**Attorney-Client Privilege**. Because of the wide variety of communications withheld under this privilege, the Court is compelled to set out what an attorney-client communication *is*, as well as what it *is not*. Professor Wigmore defines the privilege as follows:

> (1) Where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal advisor (8) except the protection be waived.

Wigmore on Evidence § 2292 (2011 Supp.). The Restatement provides:

§ 68. Attorney-Client Privilege

> Except as otherwise provided in this Restatement, the attorney-client privilege may be invoked as provided in § 86 with respect to:
> (1)   a communication
> (2)   made between privileged persons
> (3)   in confidence
> (4)   for the purpose of obtaining or providing legal assistance for the client.

Restatement Third, The Law Governing Lawyers § 69. Under the Restatement's provisions, a communication includes an expression through which a privileged person conveys information to another privilege person or a record revealing that expression. Restatement Third, The Law Governing Lawyers § 70. Privileged persons include the client, the lawyer, and the agents of each. *Id*. A communication is made in confidence if, at the time it is made, the person communicating it believes that no one but a privileged person will learn its contents. *Id.* The communication is for the purpose of obtaining legal advice if it is made to a lawyer to obtain legal advice or made from the lawyer and revealing confidential communications from the client. *Id*. In discussing the boundaries of the privilege, the Fifth Circuit has stated:

3

> Inquiry into the general nature of the legal services provided by counsel does not necessitate an assertion of the privilege because the general nature of services is not protected by the privilege. Further inquiry into the substance of the client's and attorney's discussions does implicate the privilege and an assertion is required to preserve the privilege. A client's specific request to an attorney and pertinent information related thereto fall within the reaches of the privilege. Additionally, the research undertaken by an attorney to respond to a client's request also falls within the reaches of the privilege.

*Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999). The privilege may be waived by selectively disclosing portions of those communications; however, the privilege is not waived where the party seeking protection has raised the defense of reliance of counsel, unless that party voluntarily injected that issue into the case. *Ward v. Succession of Freeman*, 854 F.2d 780, 788 (5th Cir. 1988). Finally, the privilege protects *communications*; it does not protect the underlying facts. *Upjohn v. United States*, 449 U.S. 383, 395-96 (1981). The Court's illustration of this principle is instructive: "The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." *Id*.

A review of these authorities demonstrates that simply referencing an attorney's name in a writing does not make it a privileged document. Mentioning that an attorney was contacted likewise fails to bring the document within the bounds of the privilege, unless the substance of a confidential communication is disclosed. A document that merely notes that an attorney has failed to call most certainly falls outside the scope of the privilege. These examples are relevant to the ruling of the Court on the specific documents presented to it for *in camera* review, as noted below.

**<u>Work Product Privilege</u>**

4

The work product doctrine is codified in Fed. R. Civ. P. 26(b)(3)(A), "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or other agent)." It is distinct from, and broader than, the attorney-client privilege. *United States v. Nobles*, 422 U.S. 225, 238 (1975). While litigation need not necessarily be imminent, creation of the document must be primarily motivated by the need to aid in possible future litigation. *United States v. Davis*, 636 F.3d 1028, 1040 (5th Cir. 1981). Documents assembled in the ordinary course of business are not protected by this doctrine. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). The documents must be confidential, and disclosure must be inconsistent with the adversary system. *Butler v. La. Dep't of Pub. Safety and Corrections*, Again, these are the principles that have guided the Court in the individual rulings listed below.

**Legislative Privilege**

The doctrine of legislative immunity arises from the Speech or Debate Clause of the Constitution of the United States. U.S. Const. Art. 1, § 6. ("The Senators and Representatives . . . . for any Speech or Debate in either House . . . shall not be questioned in any other Place.") Although state and local legislators are not covered by the federal Constitution, federal courts accord state and local legislators similar protection under common law. *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 732 (1980); *Hernandez v. City of Lafayette*, 653 F.2d 1188, 1993 (5th Cir. 1981), *cert. denied*, 455 U.S. 907 (1982) ("[L]ocal legislators are entitled to absolute immunity from suit under § 1983 for conduct in the furtherance of their duties."). The doctrine extends to staff members, officers, or other members of a legislative body, although it is "less absolute" when applied to these figures. *Dombrowski v. Eastland*, 387 U.S. 82, 85 (1967).

The fact that the activity in question was accomplished by a person occupying a legislative office is not determinative. "Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 272 (5th Cir. 2000). Thus, "[l]egislative immunity protects officials fulfilling legislative functions even if they are not 'legislators.'" *Lee v. Whispering Oaks Home Owners Ass'n*, 797 F. Supp. 2d 749 (W.D. Tex. 2011) (citing *Hughes*, 948 F.2d at 920). Guidelines for determining whether activity is legislative include whether the body is formulating policy or enforcing it. *Hughes v. Tarrant County Texas*, 948 F.2d 918, 921 (5th Cir. 1991):

> The first test focuses on the nature of the facts used to reach the given decision. If the underlying facts on which the decision is based are "legislative facts," such as "generalizations concerning a policy or state of affairs," then the decision is legislative. If the facts used in the decisionmaking are more specific, such as those that relate to particular individuals or situations, then the decision is administrative. The second test focuses on the "particularity of the impact of the state action." If the action involves establishment of a general policy, it is legislative; if the action single[s] out specific individuals and affect[s] them differently from others, it is administrative.

*Id.* (quoting *Cullen v. Muzzey*, 724 F.2d 259, 261 (1st Cir. 1984). "[Z]oning is generally a legislative activity."). *Weingarten Realty Investors v. Silvia*, 376 F. App'x 408, 410-11 (5th Cir. 2010). *Weingarten* involved property included in the City's Comprehensive Plan as an area that would "support large commercial retail use." A developer purchased land for commercial development in reliance on that statement, but, when he filed a rezoning application it was denied. The developer claimed that denial was not a legislative act because it was not taken to establish a general zoning policy but to single him out and thwart his development efforts. The Fifth Circuit disagreed, stating, "The zoning decision affected contracts and had other ramifications, but the Defendants' actions were legislative." *Id.* at 411.

In this case, however, the "legislators," i.e. city aldermen, are not defendants in this action. The only Defendant is the City of Ridgeland, which has no legislative immunity. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993). The issue here, then, is whether legislative immunity from liability extends to provide a legislative privilege against providing evidence or testimony. The doctrines are related, but not the same. *See Village of Arlington Heights v. Metropolitan Housing Devel. Corp.*, 429 U.S. 252, 268 (1977). There, the issue was whether the Village's refusal to change the zoning designation of a particular tract of land was racially discriminatory. In affirming the lower courts' denials of relief, the Supreme Court noted the difficulty in proving discriminatory intent, "Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id*. at 266. The Court then identified the types of evidence that might establish a discriminatory intent: a clear pattern of racial impact from official action, the historical background of the decision, the specific sequence of events leading up to the decision, departures from the normal decisional process, and legislative history. *Id*. at 267-68. Then the Court stated, "In some extraordinary instances the members might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege." *Id*. at 268 (citing *United States v. Nixon*, 418 U.S. 683, 704 (1974) (executive privilege); *Tenney v. Brandhove*, 341 U.S. 367 (1951) (state legislative privilege)).

Some district courts in the Fifth Circuit have held that the associated *evidentiary* privilege is qualified. In *Perez v. Perry*, 2014 WL 106927 at *2 (W.D. Tex. Jan. 8, 2014), the court held that the legislative privilege can only be applied after a balancing of the interests of the party seeking

7

disclosure against the interests of the party claiming the privilege. That test includes the following factors:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

*Id.* To similar effect was the decision on a Voter ID case claiming discriminatory intent on the part of state legislators. *Veasey v. Perry*, Civil Action No. 2:13cv193, 2014 WL 1340077 at *1 (S.D. Tex. Apr. 3, 2014). Another court came to the same decision regarding local legislators in *Hobart v. City of Stafford*, 784 F. Supp. 2d 732, 763-64 (S.D. Tex. 2011) (excessive force case).

Applying those principles to the documents at issue in this litigation, the Court must first review the documents to see whether they are legislative in nature. If the documents pertain to the development of a zoning ordinance that would apply generally within the City, then the legislative privilege will apply. If the information is relevant only to enforcement of the City's ordinance on a specific piece of property, the underlying action was not legislative, and the privilege will not apply. Where the privilege is applied to the documents in the list below, the Plaintiff may seek a further ruling on their discoverability by satisfying the balancing test noted above.

**Deliberative Process Privilege**

This privilege is more typically asserted in cases challenging the decisions of administrative agencies. It is similar to the work product privilege, which protects the mental process of an attorney, but it covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). For federal agencies, the exemption has been defined by FOIA, in 5 U.S.C. § 552(b)(5). That provision exempts from disclosure "inter-agency

or intra-agency memorandums of letters which would not be available by law to a party other than an agency in litigation with the agency." The privilege is designed to foster open and frank discussion among the agency's decision-makers. *Dept. of Interior v. Klamath Water Users Prot. Ass'n*, 532 U.S. 1, 9 (2001). It covers inter-agency and intra-agency communications between and among employees. In certain instances, it may cover communications with an outside consultant. *Id*. at 10. The privilege does not, however, protect purely factual or objective material. *EPA v. Mink*, 410 U.S. 73, 87-89 (1973); *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981). The determination of whether material is factual must be done on a case-by-case basis; information cannot be deemed purely factual just because it includes facts. If the document contains an assessment or evaluation of the facts, it is covered by the privilege. *Skelton v. U.S. Postal Service*, 678 F.2d 35, 39 (5th Cir. 1982). If, however, the factual material can be separated from the material involving opinions, policy formations, and recommendations without compromising the latter material, that information should be produced. *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981).

In an earlier case in this Court, Judge Barbour ruled that the deliberative process privilege could not be applied to a state agency, even though jurisdiction over the case was based on a federal question. *Buford v. Holladay*, 133 F.R.D. 487, 494 (S. D. Miss. 1990). He reached this conclusion after an examination of state and federal common law, under which he found no authority for extending this privilege beyond federal agencies. *Id*.; *but see Thompson v. City of Meridian*, 2011 WL 738443 at *2 (S.D. Miss. Feb. 24, 2011) (dismissing motion to quash based on deliberative process privilege as premature). In contrast, a Louisiana court applied the privilege to protect predecisional and deliberative documents withheld by Louisiana's Office of Financial Institutions.

*Janvey v. Adams & Reese, LLP*, 2015 WL 2453730 at *3 (M.D. La. May 22, 2015). In fairness, however, it does not appear that the agency's status as an arm of the state, rather than the federal, government was raised. Similarly, a Texas court found that the privilege applied to documents held by a city's Police Chief's Advisory Action Board. *Doe v. San Antonio*, 2014 WL 6390890 at * (W.D Tex. Nov. 17, 2014); *see also Kluth v. City of Converse, Texas*, 2005 WL 1799555 at *2 (W.D. Tex. July 27, 2005). In so doing, the court cited numerous cases across the country where the privilege had been applied in the context of lawsuits against police departments, although admitting that "the issue has never been directly addressed in the Fifth Circuit . . . ." *Id*. at *3. Another Louisiana court discussed the privilege with regard to a state agency, although ultimately finding the material at issue not protected because it was not predecisional. *Gulf Prod. Co., Inc. v. Hoover Oilfield Supply*, 2011 WL 1321607 at *5 (E.D. La. Apr. 4, 2011); *see also Klein v. Jefferson Parish School Bd.*, 2003 WL 1873909 at *4 (E.D. La. Apr. 10, 2003).

The Court is of the opinion that Judge Barbour's well-reasoned opinion in *Buford* should control in this instance and preclude the application of the deliberative process privilege to a non-federal agency. As Judge Barbour noted, however, the analysis of this issue should include a recognition of any pertinent privilege created by state law, "'where they can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Buford*, 133 F.R.D. at 493-94 (quoting *Lora v. Board of Education*, 74 F.R.D. 565, 576 (E.D.N.Y. 1977). In an abundance of caution, therefore, the Court has undertaken a review of state law to determine whether the deliberative process privilege has been recognized under Mississippi law since Judge Barbour issued his opinion. The review turned up no more recent case or legislation that would justify a change in

the holding in *Buford*. For these reasons, the Court concludes that the deliberative process privilege does not apply to the documents at issue in this case.

Based on the analysis of the various privileges outlined above, the Court has reviewed the documents withheld by the City of Ridgeland and described in the various privilege logs that have been presented to the Court. In addition to the privileges asserted, in a few instances, the City objected to producing the information on grounds that it was irrelevant. Where the nature of the information clearly brought it within the meaning of Fed. R. Civ. P. 26(b)(1), the Court has indicated that it need not be produced.

**Privilege Log of Documents Withheld from Production**

| Tab | Description | Ruling |
|---|---|---|
| 1 | Email transmittal of Engagement Letter | Not exempt; no confidential information included |
| 2 | Email response, re: budgeting for attys | Not exempt; no confidential information included |
| 3 | Email response, re: budgeting for attys | Not exempt; no confidential information included |
| 4 | Email forwarding Assgmt & Assump. Agreement | Not exempt; no confidential information included |
| 5 | Email, re: previous doc | Not exempt; no confidential information included |
| 6 | Email, re: continuance | Not exempt; no confidential information included |
| 7 | Email, re: continuance | Not exempt; no confidential information included |
| 8 | Email forwarding Transcript | Not exempt – transcript of public hearing |
| 9 | Email discussing proposed motion | Not exempt; no attorney client conversation disclosed |

| | | |
|---|---|---|
| 10 | Email notice that lawsuit imminent | Not exempt; no attorney client conversation disclosed |
| 11 | Email forwarding proposed minutes | Not exempt; no confidential information included |
| 12 | Email, re: legal implications of media inquiry | Exempt as attorney-client communication |
| 13 | Email, re: conversation with atty for another party | Not exempt; no attorney client information disclosed; conversation with third party |
| 14 | Email transmitting previous document | Not exempt for same reasons as Doc #13 |
| 15 | Email transmitting previous documents to counsel | Not exempt for same reasons as Doc #13 |
| 16 | Email transmitting proposed Bill of Exceptions as reviewed and approved by attys | Not exempt; no advice or strategy discussed |
| 17 | Email notice, re: Baymeadows has started repairs and it is raining | Not exempt; no confidential information disclosed |
| 18 | Email forwarding previous document | Not exempt for same reasons as Doc #17 |
| 19 | Email forwarding court order | Not exempt; no confidential information disclosed |
| 20 | Email, re: conversation | Exempt as attorney-client communication |
| 21 | Email forwarding schedule for zoning ordinance | Exempt as work product |
| 22 | Email forwarding draft of new zoning ordinance with highlighted changes to atty | Exempt as work product |
| 23 | Email forwarding later proposed zoning ordinance | Exempt as work product |

|  |  |  |
|---|---|---|
|  | with highlighted changes to atty |  |
| 24 | Email forwarding later proposed zoning ordinances with highlighted changes to atty | Exempt as work product |
| 25 | Email forwarding proposed zoning ordinances with highlighted changes to atty | Exempt as work product |
| 26 | Email forwarding latest zoning ordinance to Mayor with copies to counsel and cover letter discussing atty work, opinions | Exempt as work product |
| 27 | Email forwarding Zoning Commissioner's questions to counsel | Exempt as work product |
| 28 | Email forwarding final version of Zoning Ordinance to counsel | Not exempt; no confidential information disclosed |

**Privilege Log of Meeting Minutes with Mayor**

| **Bates No.** | **Description** | **Ruling** |
|---|---|---|
| 13833 | Conversation with attys, re: condo | Exempt; attorney-client communication |
| 13830 | Code Enforcement email | Exempt; attorney-client communication |
| 13825 | Attorney Work | Exempt; attorney-client communication |
| 13823 | Attorney work & hand-written comment | Exempt; attorney-client communication |
| 13818 | Lamar Bailey | Irrelevant |
|  | Comprehensive Plan Sched | Not exempt, no attorney-client communication |
|  | Attorney work | Not exempt under attorney-client communication; first two bullet points exempt under legislative privilege; second two bullet points not exempt |
| 13777 | Attorney Questions | Exempt; attorney-client communication |
|  | Apt. Mgr Meeting | Not exempt as attorney-client communication; exempt under legislative privilege |
| 13774 | Attorney Work | Not exempt as attorney-client communication |

13

| | | |
|---|---|---|
| 13759 | Baymeadows update | Exempt; attorney-client communication |
| 13757 | Apartment info | Not exempt as attorney-client communication |
| 13755 | Attorney Questions | Exempt; attorney-client communication |
| | Log village | Not exempt as attorney-client communication or legislative privilege |
| 13754 | Baymeadows update | Not exempt as attorney-client communication, as date that brief is due is not confidential |
| 13752 | Baymeadows update | Not exempt as attorney-client communication |
| 13750 | Same as previous document | Same as previous document |
| 13748 | Hester Cabin Bldg Permit | Not exempt as attorney-client communication |
| 13746 | SER Legislation redaction | Exempt; attorney-client communication |
| 13745 | South Wheatley | Not exempt as attorney-client communication |
| 13743 | SER | Not exempt as attorney-client communication |
| | OARC | Exempt; attorney-client communication |
| 13740 | South Wheatley | Exempt; attorney-client communication |
| | City center | Exempt; attorney-client communication |
| 13735 | Amortization | Exempt; attorney-client communication |
| 14834 | Comments, re: Chris Bates | Exempt; irrelevant & confidential personnel matter |
| 14836 | Comments on work assigned to attys | Not exempt; no attorney-client communication |
| 14838 | Same as previous document | Same as previous document |
| 14840 | Same as previous document | Same as previous document |
| 14842 | Comments, re: L. Bailey | Exempt; irrelevant |
| | Comments, re: legal work | Not exempt; no attorney-client communication |
| 14843 | Comments, re: Legal work | Exempt; attorney-client communication |
| 14844 | Comments, re: L. Bailey | Exempt; irrelevant |
| | Comments, re: conversation with attorney on plan | Exempt; attorney-client communication |
| | Comments, re: legal work | First two bullet points exempt as legislative privilege; second two bullet points not exempt |
| 14845 | Comments, re: L. Bailey | Exempt; irrelevant |
| | Comments, re: legal work | Exempt; legislative privilege |
| 14846 | Comments, re: urban renewal | Not exempt; no confidential information disclosed |
| | Comments, re: legal work | Exempt; deliberative process |
| 14847 | Comments, re: plan update | Not exempt; no attorney-client communication |
| 14848 | Comments, re: Renaissance | Exempt; irrelevant |
| 14849 | Comments, re: Northpark | Exempt; irrelevant |
| 14849 | Comments, re: SE Ridgeland | Exempt; attorney-client communication |
| | Comments, re: OARC | Possibly irrelevant; attorneys to clarify |
| 14851 | Comments, re: paternity leave | Exempt; irrelevant |
| | Comments, re: SE Ridgeland | Not exempt; no attorney client communication; exempt as legislative privilege |

14

| | | |
|---|---|---|
| 14855 | Comments, re: paternity leave | Exempt; irrelevant |
| 14857 | Comments, re: sick leave | Exempt; irrelevant |
| | Comments, re: 21-19-11 | Possibly irrelevant; attorneys to clarify |
| 14860 | Appears to have redaction, but not discussed in privilege log | |
| 14861 | Comments, re: work on Property Maintenance Code | Exempt; attorney-client communication |
| 14862 | Comments, re: work on school residency | Exempt; attorney-client communication |
| 14863 | Comments, re: Property Maintenance Code | Exempt; attorney-client communication |
| 14871 | Comments, re: City Center Contract | Exempt; attorney-client communication |
| 14879 | Attorney Questions | Exempt; attorney-client communication |
| | Apt. Manager Meeting | No attorney-client communication; Exempt as legislative privilege |
| 14880 | Attorney Questions | Exempt; attorney-client communication |
| 14881 | Attorney Questions | Exempt; attorney-client communication |
| 14883 | Attorney Questions | Exempt; attorney-client communication |
| 14887 | Work on Baymeadows | No attorney-client communication |
| 14913 | Attorney Fees | Not exempt as attorney-client communication or legislative privilege |
| 14914 | Hester Cabin Bldg. Permit | Not exempt as attorney-client communication or legislative privilege |
| 14921 | Cherry Laurel | Exempt; Irrelevant |
| | South Wheatley | Not exempt; no attorney-client communication |
| 14925 | South Wheatley | Exempt; attorney-client communication |
| 14927 | South Wheatley | Not exempt; no attorney-client communication |
| 14929 | Amortization of Non-Conformities | Exempt; attorney-client communication |
| 14930 | S Wheatley Lawsuit | Exempt; attorney-client communication |
| 14933 | Amortization of Non-Conformities | No attorney-client communication; exempt as legislative privilege |
| 14935 | Same as preceding document | Same as preceding document |
| 14937 | Baymeadows | No attorney-client communication |
| 14938 | Amortization of Non-Conformities | Same as Docs.14933, 14935 |
| 14942 | Amortization of Non-Conformities | Not exempt as attorney-client communication; not exempt as |
| 14943 | Amortization of Non-Conformities | Exempt as attorney-client communication; not exempt as legislative privilege |
| | Baymeadow | Not exempt as attorney-client communication; not confidential |

| | | |
|---|---|---|
| 14945 | Butler Snow Agreement | Exempt as Attorney-client communication; not exempt as legislative privilege |
| | Baymeadows | Not exempt as attorney-client communication; not confidential |
| 14947 | Butler Snow Agreement | Same as preceding document |
| 14948 | Zoning Ordinance | No communication; not exempt as legislative privilege |
| 14950 | Appears to have redaction, but not mentioned in privilege log | |
| 14951 | Baymeadows | Exempt; attorney-client communication |
| 14953 | Zoning Ordinance | Exempt; attorney-client communication |
| 14958 | Zoning Ordinance | Not exempt as attorney-client communication; not exempt as legislative privilege |
| 14960 | Zoning Ordinance | Not exempt as attorney-client communication; not exempt as legislative privilege |
| 14966 | Zoning Ordinance | Not attorney-client communication; exempt as legislative privilege |
| 14970 | Meeting Note change | Not attorney-client communication; exempt as legislative privilege |

**OTHER REDACTED DOCUMENTS**

| Description | Ruling |
|---|---|
| 11/2/09 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 2/16/10 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 8/9/10 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 8/23/10 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 4/18/11 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 8/15/11 Staff Meeting Notes | Not exempt, no confidential information |
| 9/26/11 Staff Meeting Notes | Exempt as attorney-client communication and work product |
| 8/15/13 Staff Meeting Notes | Not exempt, no confidential information |
| 7/8/13 Staff Meeting Notes | First redaction not exempt, no confidential information; second and third redactions exempt as legislative privilege |
| 7/22/13 Staff Meeting Notes | Exempt as attorney-client communication |
| 8/19/13 Staff Meeting Notes | Not exempt, no confidential information |
| 9/30/13 Staff Meeting Notes | Not exempt, no confidential information |
| 2/16/10 Staff Meeting Notes | Exempt as attorney-client communication |
| 10/7/13 Staff Meeting Notes | Not exempt, no confidential information |
| 10/14/13 Staff Meeting Notes | Not exempt, no confidential information |
| 10/28/13 Staff Meeting Notes | Not exempt, no confidential information |
| 6/15/11 email from Gene McGee | Not exempt; communication with attorney for another party |
| 6/23/11 email from Alan Hart | Not exempt; communication with attorney for another party |
| 11/19/09 email | Exempt as attorney-client communication and work product |
| SER Project Update | Exempt as work product and legislative privilege |

IT IS, THEREFORE, ORDERED that the following Motions are hereby **GRANTED** in part and **DENIED** in part, as outlined above:

1. BBC Baymeadows, LLC's Second Motion to Compel [Doc. 87];

2. BBC Baymeadows, LLC's Urgent and Necessitous Third Motion to Compel [Doc. 118];

3. Motion of Non-Parties, Kevin Holder, Chuck Gautier, Wesley Hamlin, Scott Jones, D. I. Smith, Brian Ramsey, and Ken Heard to Quash Deposition Subpoena Duces Tecum and for Protective Order [Doc. 140];

4. Motion of Non-Party Mayor Gene McGee to Quash Deposition Subpoena Duces Tecum and for Protective Order [Doc. 142]; and,

5. City of Ridgeland's Urgent or Necessitous Motion for Protective Order [Doc. 146].

IT IS FURTHER ORDERED that the Defendant, City of Ridgeland, produce the documents described above as not exempt to the Plaintiffs on or before **October 28, 2015**.

SO ORDERED, this the 13th day of October, 2015.

                                      S/ Linda R. Anderson
                                UNITED STATES MAGISTRATE JUDGE