IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BBC BAYMEADOWS, LLC**                                                           **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:14-CV-00676-HTW-LRA**

**CITY OF RIDGELAND, MISSISSIPPI**                                  **DEFENDANT**

**APPLICATION FOR STAY OF DEPOSITIONS PENDING APPEAL**

Non-Parties Kevin Holder, Chuck Gautier, Wesley Hamlin, Scott Jones, D.I. Smith, Brian Ramsey, and Ken Heard (collectively, the Aldermen), by and through their respective counsel, and pursuant to L.U.Civ.R.72(a)(2), apply for a stay of the Court's Memorandum Opinion and Order entered on October 13, 2015 [Dkt. #196] pending a final resolution of the Objection and Appeal of that Order to the District Court [Dkt. ##214 and 215]

Through this application, the Aldermen respectfully request that this Court enter an order staying any depositions of the Aldermen and quashing any deposition subpoenas issued to and/or served on the Aldermen pending a final resolution of the appeal.

1.       On August 26, 2015, the Aldermen filed a Motion to Quash Deposition Subpoena Duces Tecum and for Protective Order, and a brief in support thereof, based on the legislative evidentiary and testamentary privilege and the deliberative process privilege. [Dkt. ##140-141].

2.       On October 13, 2015, this Court entered a Memorandum Opinion and Order granting in part, but denying in part, the Aldermen's Motion to Quash. [Dkt. #196]. With regard to the subject depositions, the Court's order stated:

> By this Order, it is the Court's intention to rule on whether the specific documents withheld are protected by any of the various privileges asserted and also to set out the parameters of those privileges, so that the parties can take the appropriate action with regard to deposition testimony, as it is impossible at this juncture to foresee the specific questions that might be asked. Because the relief sought by both parties will be incomplete, these Motions will be granted in part and denied in part and terminated. To

the extent future relief on these grounds is sought, new, particularized Motions should be advised.

[Dkt. #196, p. 2].

3. On October 16, 2015, Plaintiff filed a Notice of Issuance of Deposition Subpoenas for the Aldermen and began serving the subpoenas. [Dkt. #203]. Alderman Chuck Gautier was served with a subpoena on October 16, commanding him to appear for a deposition and produce documents on November 16, 2015. Subsequently, Plaintiff's counsel agreed to withhold service of subpoenas until a status conference with the Court. No other Alderman has been served to date.

4. On October 27, 2015, the Aldermen filed an Objection and Notice of Appeal of the Magistrate Judge's Order with the Court, pursuant to Rule 72(a) of the Federal Rules of Civil and L.U.Civ.R. 72(a)(1)(A), along with a memorandum brief in support thereof. [Dkt ## 214 and 215].

5. Pursuant to L.U.Civ.R. 72(a)(2), the filing of an Objection and Appeal of a Magistrate Judge's order does not automatically stay the effect of the Court's order. Therefore, pursuant to L.U.Civ.R. 72(a)(2), the Aldermen respectfully request that this Court stay any depositions of the Aldermen pending resolution of the Objection and Notice of Appeal for the following reasons.

6. The Objection and Notice of Appeal raises an important and significant legal question regarding the application of legislative privilege to municipal legislators which has not been decided by the Fifth Circuit. As set forth in the extensive briefing submitted by the Aldermen, the Aldermen contend that the legislative evidentiary and testamentary privilege is absolute in nature and completely bars the Aldermen's depositions. Although the Plaintiff disagrees with this contention, the District Court could side with the Fourth Circuit and other

district courts which have found the legislative privilege to be absolute. If the Aldermen's depositions go forward, but then the District Court later finds that the privilege is absolute and bars the Aldermen's depositions, this would result in significant harm and prejudice to the Aldermen for at least two reasons.

7. First, it is important to note that the Aldermen are non-parties. As non-parties, they should not be required to expend time and resources in appearing for a deposition if privilege may ultimately bar the depositions in their entirety. The depositions conducted by the Plaintiff in this case have been lengthy. The Rule 30(b)(6) deposition of the City of Ridgeland lasted over a two-day period and had over 70 exhibits. The deposition of Chris Ramsey lasted an entire day and had 70 exhibits. The deposition of Matt Dodd lasted an entire day and had over 100 exhibits. Therefore, it is likely that the Plaintiff would take a full day to complete a deposition of each Alderman and present a similar number of exhibits. It would be unduly prejudicial and a significant waste of a non-parties' time if the Aldermen – who are non-parties - are required to submit to depositions prior to a final resolution of the application of legislative privilege.

8. Second, requiring the Aldermen's depositions to go forward prior to a final ruling requires the Aldermen to waive their claim of absolute privilege. If the Aldermen are required to appear for depositions, the Aldermen would either have to object to the entire deposition or object to each and every deposition question, otherwise, the Aldermen would risk a waiver of absolute privilege. Presumably, Plaintiff's counsel does not want to expend time and effort in preparing for depositions in which each of the Aldermen object to every single deposition question. Until a final resolution on the application of privilege, the Aldermen must object and refuse to answer all deposition questions to avoid waiving the claim of absolute privilege. If the

Aldermen were ordered by the Court to answer questions prior a final ruling on privilege, then this would cause prejudice and irreparable harm to the Aldermen.

9. Accordingly, for these reasons, the Aldermen respectfully request that this Court enter an order staying any depositions, and quashing any deposition notices issued to and/or served on the Aldermen pending the appeal of these matters to the District Court.

WHEREFORE, PREMISES CONSIDERED, Kevin Holder, Chuck Gautier, Wesley Hamlin, Scott Jones, D.I. Smith, Brian Ramsey, and Ken Heard, respectfully request that this Court enter a stay of their depositions pending a final resolution of their Objections and Notice of Appeal of the October 13, 2015 Memorandum Opinion and Order of the Court.

This the 27th day of October, 2015.

Respectfully submitted,

**KEVIN HOLDER, CHUCK GAUTIER, WESLEY HAMLIN, SCOTT JONES, D.I. SMITH, BRIAN RAMSEY, AND KEN HEARD**

By: *s/ Richard G. Norris*
Richard G. Norris, II (MSB# 100755)

OF COUNSEL:
WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Post Office Box 131
Ridgeland, Mississippi 39157
Jackson, Mississippi 39205-0131
Telephone:   601 605-6900
Facsimile:   601 605-6901
rnorris@wellsmar.com

Jerry L. Mills, Esq.
Pyle Mills Dye & Pittman
800 Avery Boulevard N., Suite 101
Ridgeland, Mississippi  39157
jmills@pdmd.biz

## CERTIFICATE OF SERVICE

I, Richard G. Norris, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Sheldon G. Alston, Esq.
William D. Drinkwater, Esq.
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100
Jackson, Mississippi  39201

Martin L. Roth, Esq. - PHV
Brittany P. Cramer, Esq.
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, Illinois  60654

**ATTORNEYS FOR PLAINTIFF BBC BAYMEADOWS, LLC**

This, the 27th day of October, 2015.

                                                    *s/ Richard G. Norris*
                                                   Richard G. Norris, II